# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-10, | Case No.: 2:21-cv-00127-GMN-EJY |
| Plaintiff, | **ORDER** |
| vs. | |
| FIDELITY NATIONAL TITLE GROUP, INC., *et al.*, | |
| Defendants. | |

Pending before the Court is the Motion to Remand, (ECF No. 9), filed by U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-10 ("Plaintiff").  Defendants Fidelity National Title Group, Inc. ("FNTG"), Fidelity National Title Insurance Company ("FNTIC"), and Fidelity National Title Agency of Nevada, Inc. ("Fidelity Agency") (collectively "Defendants") filed a Response, (ECF No. 23), and Plaintiff filed a Reply, (ECF No. 26).

Also pending before the Court is Plaintiff's Motion for Costs and Fees, (ECF No. 10). Defendants filed a Response, (ECF No. 23), to which Plaintiff filed a Reply, (ECF No. 26).

Also pending before the Court is Defendants' Motion to Stay Case, (ECF No. 33). Plaintiff filed a Response, (ECF No. 40), to which Defendants filed a Reply, (ECF No. 42).

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Remand, **DENIES** Plaintiff's Motion for Costs and Fees, and **GRANTS** Defendants' Motion to Stay the Case.

//

I.    **BACKGROUND**

This case arises from the non-judicial foreclosure sale of the real property located at 3621 Wild Willow Street, Las Vegas, Nevada 89129 (the "Property").[1] (Deed of Trust ("DOT"), Ex. 9 to Pet. Removal, ECF No. 1-1).  On July 5, 2005, Gregory Wickensimer ("Borrower") financed his purchase of the Property by way of a $192,000.00 loan secured by a DOT identifying Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id.* at 2).  The DOT was recorded on July 11, 2005. (*Id.*).  In February 2009, the DOT was assigned to Plaintiff. (*See* Assignment of DOT, Ex. 10 to Pet. Removal, ECF No. 1-1).

In December 2009, upon Borrower's failure to stay current on his loan obligations, Copperhead Hills Homeowners Association ("HOA") initiated foreclosure proceedings on the Property through its agent, Alessi & Koenig. (Notice of Delinquent Assessment Lien, Ex. 13 to Pet. Removal, ECF No. 1-1).  On February 18, 2010, HOA via Alessi & Koenig recorded a Notice of Default and Election to Sell. (Notice of Default and Election to Sell, Ex. 14 to Pet. Removal, ECF No. 1-1).  On February 8, 2012, HOA, through Alessi & Koenig, proceeded with the foreclosure sale, selling the Property to Wild Willow St. Trust for $4,890.00. (Trustee's Deed Upon Sale, Ex. 16 to Pet. Removal, ECF No. 1-1).  The Property was subsequently conveyed to Resources Group LLC ("Resources Group"). (Compl. ¶ 94).

On January 8, 2013, Resources Group filed a Complaint against Plaintiff U.S. Bank in Case No. A-13-674582-C, alleging a quiet title/declaratory action. (*See* Compl., *Resources*

---

[1] The Court takes judicial notice of the following documents: (A) a copy of FNTIC's license from the Department of Insurance's website; (2) a copy of FNTG's license from the Department of Insurance's website; and (3) a copy of Fidelity Agency's license from the Department of Insurance's website. (*See* Request for Judicial Notice, ECF No. 24).  These documents are appropriate for judicial notice. *See 1209 Vill. Walk Tr., LLC v. Broussard*, No. 2:15-cv-01903-MMD-PAL, 2019 U.S. Dist. LEXIS 18040, at *5 (D. Nev. Feb. 4, 2019) (taking judicial notice of Federal Housing Finance Agency's statement available on the federal government's website); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004).

*Group, LLC v. U.S. Bank*, Case No. A-13-674582-C, ECF No. 1-1).  The case ultimately settled. (Compl. ¶ 96).

On January 10, 2017, Plaintiff submitted a claim under the Title Insurance Policy (the "Policy"). (*Id*. ¶ 102).  In the claim, Plaintiff identified the Policy provisions that provided coverage for losses caused by the HOA's foreclosure of its purportedly senior lien and requested that Defendants fulfill their obligations to defend U.S. Bank in litigation. (*Id*. ¶ 102). On January 25, 2017, Defendant FNTIC denied coverage under the Policy on the basis that there was no current litigation pending and that Plaintiff failed to comply with Condition 3 under the Policy. (*Id*. ¶ 103).  On April 16, 2018, Plaintiff requested reconsideration of FNTIC's denial. (*Id*. ¶ 104).  About a year later, FNTIC affirmed its denial for the same reasons set forth in the initial denial. (Id. ¶ 105).

In January 2021, Plaintiff thereafter filed the instant suit in the Eighth Judicial District Court, asserting the following claims: (1) declaratory judgment that the Policy provided full coverage; (2) breach of contract; (3) bad faith and breach of the covenant of good faith and fair dealing; (4) deceptive trade practices in violation of NRS § 41.600 and NRS § 598.0915; and (5) violation of NRS 686A.310. (*See* Compl. ¶¶ 15–196).  The next day, Defendants removed the case based on diversity jurisdiction before any Defendants were served.[2] (*See* Pet. Removal ¶¶ 4:4–5:6, ECF No. 1).  Plaintiff subsequently filed the instant Motion for Remand and Motion for Costs and Fees pursuant to 28 U.S.C. § 1447(c). (*See generally* Mot. Remand, ECF No. 9); (*see generally* Mot. Costs and Fees, ECF No. 10).  Defendants thereafter filed a Motion to Stay the Case pending the Ninth Circuit's decision in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (the "Wells Fargo II Appeal"). (*See* Mot. Stay, ECF No. 33).

---

[2] Defendant FNTG is a citizen of Delaware and Florida. (*Id*. ¶ 3).  Defendant FNTIC is a citizen of Florida. (*Id*.). Defendant Fidelity Agency, however, is a citizen of Nevada. (*Id*.).

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Generally, district courts have subject matter jurisdiction over civil actions in which: (1) the claims arise under federal law; or (2) where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a).

A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  The defendant asserting the removal must prove it is proper, and there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## III.   DISCUSSION

In its Motion to Remand, Plaintiff argues that: (1) Defendants improperly removed the case in violation of the forum defendant rule; and (2) Defendant Fidelity Agency was fraudulently joined. (Mot. Remand 5:4–14:16, ECF No. 9).  Because removal was improper, Plaintiff accordingly requests payment of attorneys' fees and costs under 28 U.S.C. § 1447(c). (*Id*. 14:17–15:5).  The Court first addresses Plaintiff's Motion to Remand.

### A.  Motion to Remand, (ECF No. 9)

Plaintiff contends that Defendants improperly removed the case because they removed before Plaintiff properly served any of the Defendants under 28 U.S.C. § 1441. (Mot. Remand 5:17–6:5).  Defendants, in rebuttal, assert that the plain language of the statute allows Defendants to remove the case before any defendant is properly joined and served. (Resp. to

Mot. Remand 4:19–6:19, ECF No. 23).  Because no defendants were served prior to removal, Defendants argue that removal was proper. (*Id.*).

28 U.S.C. § 1441(b) prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b).  To avoid the so-called forum defendant rule under § 1441(b), parties in recent years have removed cases before a forum defendant has been "properly joined as served."  This tactic, also known as snap removal, has not been explicitly endorsed by the Ninth Circuit, although multiple other circuits have. *See, e.g.*, *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018); *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *McCall v. Scott*, 239 F.3d 808, 813, n.2 (6th Cir. 2001); *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014).  Because the Court is without guidance from the Ninth Circuit, the Court starts its analysis by reviewing the language of the operative statute—28 U.S.C. § 1441.

When interpreting a federal statute, the Ninth Circuit "begin[s], as always, with the language of the statute." *Navajo Nation v. Dep't of Health & Human Servs.*, 325 F.3d 1133, 1136 (9th Cir. 2003) (en banc) (quoting *Duncan v. Walker*, 533 U.S. 167, 172, 150 L. Ed. 2d 251, 121 S. Ct. 2120 (2001)).  "Where [a statute's] language is plain and admits of no more than one meaning the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion." *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 878 (9th Cir. 2001) (en banc) (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S. Ct. 192, 61 L. Ed. 442 (1917)).  However, if the language of a statute is ambiguous, the Court may then "use canons of construction, legislative history, and the statute's overall purpose to illuminate Congress's intent." *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1133 (9th Cir. 2009) (quoting *Jonah R. v. Carmona*, 446 F.3d 1000, 1005 (9th Cir. 2006)).  "In ascertaining

the plain meaning of [a] statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291, 108 S. Ct. 1811, 100 L. Ed. 2d 313 (1988); *see also United States v. Lewis*, 67 F.3d 225, 228-29 (9th Cir. 1995) ("Particular phrases must be construed in light of the overall purpose and structure of the whole statutory scheme.").

Here, the language and meaning of 28 U.S.C. § 1441 is both plain and unambiguous. Section 1441(a) permits removal "by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). An exception to removal, however, applies "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b)(2). Like the Second, Third, and Fifth Circuits held, the statute's "plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." *Encompass Ins. Co.*, 902 F.3d at 152; *see also Gibbons*, 919 F.3d at 705; *see also Texas Brine Co.*, ,955 F.3d at 482. Reading Section 1441 as a whole, removal is generally allowed; however, prohibited when a forum defendant, who has been properly joined and served, seeks to remove the case. *See Carpenters Health & Welfare Tr. Funds v. Robertson (In re Rufener Constr.)*, 53 F.3d 1064, 1067 (9th Cir. 1995) (The Ninth Circuit "derive[s] meaning from context, and this requires reading the relevant statutory provisions as a whole."). In the present case, Defendants removed before any defendant was served. (*See* Pet. Removal ¶ 4). Under a plain reading of the statute, the exception under Section 1441(b)(2) does not apply in the present case. Defendants, therefore, properly removed to federal court.

Plaintiff argues that the word "any" in Section 1441(b) means that "the statute assumes [that] at least one party has been served." (Mot. Remand 7:23–8:4). Though multiple courts in

this District agree with Plaintiff,[3] the Court finds Plaintiff's reasoning unpersuasive.  Heavily relying on *Gentile v. Biogen Idec, Inc,* other courts in this District have read the statute to assume that at least one party has been served because "any" means "one or more indiscriminately from all those of a kind." *Id.*  Specifically, the Massachusetts District Court in *Gentile v. BioGen IDEC, Inc*., 934 F. Supp. 2d 313, 318 (D. Mass. 2013), reasoned:

> The amendments to section 1441(b) do not change the statute's plain meaning in this respect.  In its current form, section 1441(b)(2) precludes removal "if any of the parties in interest properly joined and served as defendants" is a forum defendant. True, the statute as amended places this language in an exception to removal, rather than a requirement for removal.  But that does not change the fact that the statute assumes at least one party has been served; ignoring that assumption would render a court's analysis under the exception nonsensical and the statute's use of "any" superfluous. This would be contrary to the cardinal rule of statutory construction that "[a]ll words and provisions of statutes are intended to have meaning and are to be given effect, and no construction should be adopted which would render statutory words or phrases meaningless, redundant or superfluous."

*Gentile v. BioGen IDEC, Inc.*, 934 F. Supp. 2d at 318–19 (citations omitted).

The Court in *Gentile* reads an additional assumption into the entire removal statute under Section 1441 such that the *Gentile* Court rewrites the removal statute to require that at least one defendant be properly served. *See Xi v. INS*, 298 F.3d 832, 839 (9th Cir. 2002) ("[A] decision to rearrange or rewrite [a] statute falls within the legislative, not the judicial, prerogative.").  The 2011 amendment materially altered section 1441(b) from a requirement for removal to an exception to removal.  The pre-2011 statute allowed removal "only if none of the parties in interest properly joined and served as defendants [was] a citizen of the State in which such

---

[3] These cases include the following: *Carrington Mortg. Servs. v. Ticor Title of Nev.*, No. 2:20-cv-699 JCM (NJK), 2020 U.S. Dist. LEXIS 122792, at *6 (D. Nev. July 10, 2020); *Sparks v. Mamer*, No. 2:20-cv-0661-KJD-VCF, 2020 U.S. Dist. LEXIS 217776, at *5 (D. Nev. Nov. 20, 2020); *United States Bank Nat'l Ass'n v. Fid. Nat'l Title Group*, No. 2:20-cv-01367-APG-DJA, 2020 U.S. Dist. LEXIS 234345 (D. Nev. Dec. 14, 2020); *Hsbc Bank United States v. Fid. Nat'l Title Group*, No. 2:20-cv-01515-JAD-BNW, 2020 U.S. Dist. LEXIS 240620 (D. Nev. Dec. 22, 2020); and *Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp.*, No. 3:20-cv-00535-MMD-CLB, 2021 U.S. Dist. LEXIS 65289 (D. Nev. Apr. 2, 2021).

action is brought." *See Gentile*, 934 F. Supp. 2d at 318.  The current statute, however, prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b).  In its current form, a defendant may remove a case unless a forum defendant has been properly joined and served. Even assuming that the *Gentile* Court's interpretation of "any" is correct, such interpretation applies to the exception.  If no defendant has been properly joined and served, the exception is not triggered, and removal is thus proper under Section 1441.  Reading such assumption into the entire removal statute, absent legislative history and intent as discussed *infra*, rewrites the entire removal statute to require that at least one forum defendant be properly joined and served prior to removal.

Given the plain language of the statute, the Court need not consider the legislative history of 28 U.S.C. § 1441. *Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 877 (9th Cir. 2001) (quoting *Perlman v. Catapult Entm't, Inc.* (*In re Catapult Entm't, Inc.*), 165 F.3d 747, 753 (9th Cir. 1999)) ("We resort to legislative history, even where the plain language is unambiguous, 'where the legislative history clearly indicates that Congress meant something other than what it said.'").  The Supreme Court cautions that "[g]oing behind the plain language of a statute in search of a possibly contrary congressional intent is a 'step to be taken cautiously' even under the best circumstances." *Am. Tobacco Co. v. Patterson*, 456 U.S. 63, 75, 102 S. Ct. 1534, 1540 (1982) (citing *Piper v. Chris-Craft Industries, Inc*., 430 U.S. 1, 26 (1977)).  The Court already concluded that the plain language of the statute allows snap removal.  Nevertheless, even if the Court were to consider legislative intent, there is no legislative history to interpret.  Congress added the language, "properly joined and served" in 1948. *See* 28 U.S.C. § 1441(b)(2) (1948).  However, "the legislative history of 1948 revision provides no explanation for the inclusion of the 'properly joined and served' language." *Gentile*, 934 F. Supp.2d at 319; *see also Wells Fargo Bank v. Fid. Nat'l Title Grp.*, No. 2:20-

cv-01849-APG-NJK, 2020 U.S. Dist. LEXIS 235986, at *9 (D. Nev. Dec. 15, 2020).  "Without additional evidence regarding Congress' intent in drafting section 1441(b)(2), the Court 'cannot conclude that strict adherence to the language of [section] 1441(b) would be plainly at variance with the policy behind the statute.'" *Loewen v. McDonnell*, No. 19-cv-00467-YGR, 2019 U.S. Dist. LEXIS 94613, at *20 (N.D. Cal. June 5, 2019) (citing *City of Ann Arbor Emples. Ret. Sys. v. Gecht*, No. C-06-7453 EMC, 2007 U.S. Dist. LEXIS 21928, at *26 (N.D. Cal. Mar. 9, 2007)).

Lastly, Plaintiff argues that the Ninth Circuit's decision in *Preseau v. Prudential Insurance Co.*, 591 F.2d 74 (9th Cir. 1979), suggests that Chicago Title was prohibited from removing in the presence of a forum defendant, regardless of whether the forum defendant was served. (Mot. Remand 6:6–7:17).  The Court disagrees.  In *Preseau*, the Ninth Circuit analyzed whether "§1441(b) implies that service is the key factor *in determining diversity*." *Preseau v. Prudential Ins. Co.,* 591 F.2d 74, 78 (9th Cir. 1979).  Citing to another Ninth Circuit case, *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174 (9th Cir. 1969), the Ninth Circuit reaffirmed that diversity of citizenship is determined solely based on citizenship of the parties named in the complaint "regardless of service or nonservice upon the codefendant." *See Clarence E. Morris*, 412 F.2d at 1176.  Unlike the Ninth Circuit decisions in *Clarence E. Morris* and *Preseau*, the instant case concerns whether removal is proper in light of the service, or lack of service, of the defendants.  The reasoning in *Preseau* is thus inapplicable to the present case.

For the foregoing reasons, the Court finds that Defendants properly removed the instant case.  A plain reading of the statute prohibits removal if a forum defendant has been properly joined and served.  Because no defendant has been properly joined and served, removal is thus proper.  While the Court appreciates that technological advancements have furthered new forms of potential "gamesmanship" in the form of snap removal, Congress is better suited to amend

the statute. *See Carreon v. Alza Corp.*, No. C 09-5623 RS, 2010 U.S. Dist. LEXIS 19277, at *5 (N.D. Cal. Feb. 9, 2010).  The Court accordingly denies Plaintiff's Motion to Remand.[4]

### B.  Motion for Fees and Costs, (ECF No. 10)

Plaintiff additionally requests fees and costs pursuant to 28 U.S.C. § 1447(c). (*See* Mot. Fees and Costs, ECF No. 8).  Given that the Court finds that removal was proper, Plaintiff's Motion for Fees and Costs is denied.

### C.  Motion to Stay, (ECF No. 33)

Defendants request the Court stay the litigation pending the Ninth Circuit's decision in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (the "Wells Fargo II Appeal"). (*See* Mot. to Stay Case, ECF No. 33).  Plaintiff agrees so long as the Court rule on the Motion to Remand. (*See* Pl.'s Resp. to Mot. to Stay Case 7:5–6, ECF No. 40).  Given that the Court addressed Plaintiff's Motion to Remand, the Court accordingly grants Defendants' Motion to Stay.

## IV.  <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 7), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Costs and Fees, (ECF No. 8), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Case, (ECF No. 33), is **GRANTED**.  Plaintiff and Defendant shall jointly file a status report every ninety (90) days, beginning December 13, 2021, addressing the status of *Wells Fargo Bank, N.A. v. Fidelity*

---

[4] Because the Court finds that removal is proper, the Court need not consider Defendants' additional argument on fraudulent joinder.

*National Title Ins. Co.*, Ninth Cir. Case No. 19-17332, and the need for the case to remain stayed.

**IT IS FURTHER ORDERED** that all other motions currently pending before the Court are **DENIED, without prejudice, as moot**, with leave to refile and amend thirty (30) days after the stay if lifted.

**DATED** this __13__ day of September, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT